IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DONALD Z. HAWTHORNE,

      Petitioner

v.                     //      CIVIL ACTION NO. 1:06CV38
                                  (Judge Keeley)


UNITED STATES OF AMERICA,

      Respondent.


## ORDER ADOPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

On December 28, 2005, pro se petitioner Donald Z. Hawthorne ("Hawthorne") filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241 in the United States District Court for the Northern District of Ohio. In his petition, Hawthorne asserted that "the sentencing court did not have jurisdiction to enhance his sentence and, therefore, the sentence imposed was illegal." On March 13, 2006, because the petitioner was confined in FCI Gilmer[1] located in Glenville, Gilmer County, West Virginia, the case was transferred to this Court and was referred to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09.

On November 29, 2006, the Magistrate Judge issued a Report and Recommendation, recommending that the case be transferred back to the District Court for the Northern District of Ohio (Cleveland)

---

[1]   Incorrectly identified in the report and recommendation as FCI Gilmore.

## ORDER ADOPTING REPORT AND RECOMMENDATION

for any action it deems appropriate in recharacterizing the petition as a motion pursuant to 28 U.S.C. §2255. Magistrate Judge Kaull concluded that, in his petition, Hawthorne attacks the validity of his sentence rather than the means of execution; thus, his challenge is the type ordinarily brought under 28 U.S.C. §2255 and not 28 U.S.C. §2241.[2]

Here, the United States District Court for the Northern District of Ohio sentenced Hawthorne to concurrent terms of 57 months of imprisonment on three counts on December 14, 2004. The Judgment and Commitment Order was entered on that same day. Hawthorne did not file a direct appeal and, therefore, the judgment of conviction became final when the time for filing his direct appeal expired which for federal prisoners is ten days after the written judgment of conviction. Aikens v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). Accordingly, Magistrate Judge Kaull determined that the petitioner had until December 28, 2004 to

---

[2]    Title 28, United States Code, Sections 2241 and 2255 each create a mechanism that permits a federal prisoner to challenge his detention. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2nd Cir. 2004); see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Section 2241 is the proper method for challenging the execution of a sentence. Adams, 372 F.3d at 135; see In re Jones, 226 F.3d at 332-33. A §2241 petition permits a prisoner to seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where is housed. Adams, 372 F.3d at 135. A federal prisoner may attack the validity of his conviction or sentence utilizing the provisions of §2241, but only when § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997).

ORDER ADOPTING REPORT AND RECOMMENDATION

file his direct appeal and had until December 28, 2005 to file a
timely petition pursuant to 28 U.S.C. § 2255.[3]

Therefore, Magistrate Judge Kaull determined that, because the
petitioner filed his § 2241 motion on December 28, 2005, it might
be appropriate to recharacterize the petition as the petitioner's
first §2255 motion. See Castro v. United States, 540 U.S. 375
(2003). However, he recognized that this Court does not have the
authority to construe Hawthorne's §2241 petition as a §2255 motion
because, pursuant to 28 U.S.C. § 2255, a federal prisoner must seek
relief under §2255 from the court that sentenced him. Therefore,
only the United States District Court for the Northern District of
Ohio can make the decision to recharacterize the petitioner's §2241
motion as a §2255 motion.

---

[3] The Anti-Terrorism and Effective Death Penalty Act of 1996 provides a
one-year limitation period within which to file any federal habeas corpus motion.
28 U.S.C. § 2255. The limitation period begins from the latest of:

   1.   The date on which the judgment of conviction becomes
        final;

   2.   The date on which the impediment to making a motion
        created by governmental action in violation of the
        Constitution or laws of the United States is removed, if
        the movant was prevented from making a motion by such
        governmental action;

   3.   The date on which the right was initially
        recognized by the Supreme Court, if that right
        has been newly recognized by the Supreme court
        and made retroactively applicable to cases on
        collateral review; or

   4.   The date on which the facts supporting the claim
        or claims presented could have been discovered
        through the exercise of due diligence.

3

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Report and Recommendation also specifically warned that failure to object to the report and recommendation would result in the waiver of any appellate rights on this issue. Nevertheless, Hawthorne failed to file any objections.[4] Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt no. 15), **DENIES** the petition and **DIRECTS** the Clerk of Court to **TRANSFER** this case to the United States District Court for the Northern District of Ohio (Cleveland) for any action it deems appropriate regarding the recharacterization of the petition as a motion pursuant to 28 U.S.C. §2255. The Court further **DIRECTS** that Hawthorne's case be stricken from this Court's docket.

It is so **ORDERED.**

The Clerk is directed to mail a copy of this Order to the <u>pro se</u> petitioner, certified mail, return receipt requested and to transmit copies of this Order to counsel of record.

Dated: December 19, 2006.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[4] Hawthorne's failure to object to the Report and Recommendation not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a <u>de novo</u> review of the issue presented. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 148-153 (1985); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 199-200 (4th Cir. 1997).